IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Johnathan M. Daniels, ) | CIVIL ACTION NO. 2:12-0319-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| City of North Charleston, State Constable ) | **REPORT AND RECOMMENDATION** |
| Ronald Dailey and State Constable ) | |
| Vyrain Smith, in their official and ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This lawsuit has been filed by the Plaintiff, pro se, against the City of North Charleston and three North Charleston Constables. This action arises out of two separate court appearances by the Plaintiff in North Charleston Municipal Court (on October 18, 2011 and November 29, 2011, respectively) where Plaintiff was denied entry into the courtroom because he refused to remove a headdress he was wearing. Plaintiff alleges in his fifty-four (54) page Complaint (see Court Docket No. 34) that he wears a headdress because of his religion (East African Hebrew).

Plaintiff asserts nine causes of action in his First Amended Complaint, as follows: Infringement of his religious freedoms in violation of the First Amendment by the three natural Defendants in their individual capacities (First Cause of Action), unlawful seizure in violation of the Fourth Amendment by the three natural Defendants in their individual capacities (Second Cause of

1



Action), unlawful conspiracy under 42 U.S.C. § 1985 by the three natural Defendants in their individual capacities (Third Cause of Action), "Failure to Prevent" in violation of 42 U.S.C. § 1986 by the three natural Defendants in their individual capacities (Fourth Cause of Action), violation of his free exercise of religion under S.C. Code Ann. 1-32, § § 40 and 50, the South Carolina Constitution, the South Carolina Tort Claims Act, and certain federal statutes by the Defendant City of North Charleston (Fifth Cause of Action) , unlawful discrimination in violation of the Fifth and Sixth Amendments by the Defendant City of North Charleston (Sixth Cause of Action), intentional infliction of emotional distress by the three natural Defendants in their individual capacities (Seventh Cause of Action), defamation by the three natural Defendants in their individual capacities (Eighth Cause of Action), and negligence resulting in emotional distress by all of the Defendants (Ninth Cause of Action). Plaintiff seeks monetary damages, as well as declaratory and/or injunctive relief. See First Amended Complaint.

The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. on June 5, 2012. Defendants contend that they are entitled to dismissal of this case on several grounds. First, the Defendants argue that the named natural Defendants, all Constables, are entitled to absolute quasi-judicial immunity as well as qualified immunity. Defendants further argue that the Defendant Constables cannot be sued under the South Carolina Tort Claims Act. Finally, Defendants contend that the City of North Charleston is entitled to dismissal because the claims asserted against this Defendant are based on vicarious liability.

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 6, 2012 advising Plaintiff of the importance of a dispositive motion and of the need for him to



file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a twenty-seven page memorandum in opposition to the Defendants' motion to dismiss on June 14, 2012.

The Defendants' motion is now before the Court for disposition.[1]

## Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, her pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

### (Constable Immunity)

As public officials, each of the three named natural Defendants are subject to suit for

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



damages in their individual capacities under § 1983 for violations of an individual's constitutional rights. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Hafer v. Melo, 112 S.Ct. 358, 365 (1991); Goodmon v. Rockefeller, 947 F.2d 1186 (4th Cir. 1991); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977); see also First Amended Complaint, at ¶¶ 7-9. Plaintiff alleges that by requiring him to remove his headdress before entering the courtroom, the natural Defendants violated his First Amendment right to the free practice of religion, and his Fourth Amendment right to be free from unreasonable seizures by unlawfully "seizing" him when they made him sit outside the Courtroom, claims prosecutable against these Defendants in their individual capacities under § 1983 (see Plaintiff's First and Second Causes of Action).

However, Plaintiff clearly asserts in his First Amended Complaint that the three natural Defendants were following court policy when they engaged in the conduct alleged. See First Amended Complaint, at ¶ 99 [where Plaintiff alleges that the Defendant Smith told him that he would talk to the judge about whether Plaintiff could wear his headdress in the courtroom]; ¶¶ 118 and 120 [Where Plaintiff referred to the "above-described custom, practice or policy"]. Indeed, Plaintiff does not dispute in any of his filings [2] that these Defendants were acting pursuant to the court's instructions when they barred him from the courtroom for not removing his headdress.

---

[2]Plaintiff has also submitted a number of exhibits as attachments to his Complaint. However, as this is a Rule 12 motion, the undersigned has not considered the averments of facts set forth in those documents, which include an affidavit. Cf. Wilson-Cook Medical, Inc. v. Wilson, 942 F.2d 247, 252 (4th Cir. 1991)(quoting Fonte v. Board of Mgrs of Continental Tower Condo, 848 F.2d 24, 25 (2d Cir. 1988)["If the district court considered an affidavit in disposing of the Rule 12(b)(6) motion, it erred in failing to convert to one for summary judgment as the rule requires."] (citations omitted). However, even if this material had been considered, it would have supported the finding set forth hereinabove. See Plaintiff's Exhibit E (attached to his Complaint)["Truth Affidavit"], wherein Plaintiff attests that the Defendant Bailey told him that not being allowed to wear headgear in court was "court policy" [at ¶ 39].

4



Judges are entitled to absolute judicial immunity from suits from money damages for all actions taken in the judge's judicial capacity. Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994); see Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Further, "[p]ersons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer" are also immune from suit for money damages under the doctrine known as quasi-judicial immunity. Bush, 38 F.3d at 847; see also Scruggs v. Moellering, 870 F.2d 376 (7th Cir.), cert denied, 493 U.S. 956 (1989); cf. Ingram v. Township of Deptford, ___ F.Supp.2d ___, 2012 WL 868934 at * 3 (D.N.J. 2002)["Judicial immunity may extend to professionals who assist courts in their judicial function . . . . [and] the Supreme Court has long held that a judge's exercise of control over the courtroom, including the admission and expulsion of attorneys and litigants, is a judicial act."]

For purposes of Plaintiff's claims here, officials enforcing or executing a court order fall under the protection of quasi-judicial immunity. Bush, 38 F.3d at 847; Forrester v. White, 484 U.S. 219, 229 (1988); see Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981)[Applying immunity to court clerks including absolute immunity for "acts they are specifically required to do under court



order or at a judge's direction . . . ."]; Tobias v. Price, No. 06-1361, 2009 WL 3681981 at * 6 (N.D.Tex. Nov. 4, 2009) ["[W]hen a court security officer carries out a judge's directive to remove a disruptive party or spectator from the courtroom, the officer is entitled to absolute judicial or quasi-judicial immunity for such action."]; Muhammad v. Weis, No. 08-3616, 2009 WL 2525454 at * 14 -15 (E.D. Aug. 17, 2009)[granting immunity to officers who followed judge's order to expel litigant from courtroom who refused to remove particular religious clothing items, allegedly in violation of first amendment]. As such, these three Defendants are entitled to quasi-judicial immunity from suit for damages in their individual capacities under § 1983. Bush, 38 F.3d at 848 ["It does not seem logical to grant immunity to a judge in making a judicial determination and then hold the official enforcing or relying on that determination liable for failing to question the judge's findings"].

These three Defendants are also not subject to suit under § 1983 for injunctive or declaratory relief in their individual capacities. Greenwalt v. Indiana Dep't of Corrections, 397 F.3d 587, 589 (7th Cir. 2005)[Noting that while the defense of official immunity is applicable only to liability for damages, section 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity.]; Golub v. Goodes, No. 09-380, 2010 WL 3702614 at * 3 (S.D.Ind. Sept. 10, 2010)["[A] claim for injunctive relief cannot be brought against government employees in their individual capacities . . . because it is only in their official capacities that injunctive relief can be granted."]. Therefore, Plaintiff's First and Second Causes of Action, which are asserted against the three natural Defendants in their individual capacities, are subject to dismissal. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim [against a named defendant] as a matter of law . . . .].

Plaintiff's Third Cause of Action asserting a claim against these three Defendants in



their individual capacities under 42 U.S.C. § 1985, and his Fourth Cause of Action asserting a claim against these three Defendants in their individual capacities under 42 U.S.C. § 1986, are also subject to dismissal on the basis of quasi-judicial immunity. In re Maynard Civil Rights Litigation, No. 09-2052, 2011 WL 8407037 at * 16 (D.Colo. July 18, 2011)[Judicial immunity extends to conspiracy claims under § 1985] (citing VanSickle v. Holloway, 791 F.2d 1431, 1434 (10th Cir. 1986); Jensen v. Henderson, 315 F.3d 854, 863 (8th Cir. 2002) [42 U.S.C. § 1986 claim depends on existence of a valid § 1985 claim]. Therefore, these two causes of action should also be dismissed. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; cf. Vogt v. Greenmarine Holding, LLC., 318 F.Supp.2d 136, 144 (S.D.N.Y. 2004)["[O]n a motion to dismiss, the Court . . . simply considers whether the complaint alleges sufficient facts which, if true, would permit a reasonable fact finder to find the defendants liable"].

## II.

### (City of North Charleston)

Plaintiff asserts claims against the City of North Charleston pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights, under the South Carolina Tort Claims Act, and under the South Carolina Religious Freedom Act, S.C. Code Ann. § 1-32-10, et seq. See First Amended Complaint [Fifth, Sixth and Ninth Causes of Action]. North Charleston argues in its motion to dismiss that Plaintiff's federal claims being asserted against it under § 1983 are based on vicarious liability, and are therefore subject to dismissal.



With respect to Plaintiff's constitutional claims[3] against the City of North Charleston, this Defendant may be liable under § 1983 only if "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690-691 (1978). There is no governmental liability under § 1983 merely because it employs a tortfeasor. Therefore, a town may only be liable for damages when the execution of a policy or custom of the town itself results in the alleged injury. Id. at 694; see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination, 507 U.S. 163, 166 (1993) ["[A] municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury"]; Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) [A municipality may be liable under § 1983 for the violation of a Plaintiff's constitutional rights "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom'"]; Spell v. McDaniel, 824 F.2d 1380 (4th Cir. 1987), cert. denied, 484 U.S. 1027 (1988). North Charleston contends in its motion that it is entitled to dismissal of Plaintiff's federal claims because Plaintiff's claims arise solely from actions taken by the individual constables, and the City cannot be held vicariously liable for those actions. However, Plaintiff argues that he has sufficiently pled a constitutional claim against this Defendant to survive a Rule 12 motion to dismiss, and after careful review of the allegations of the Fist Amended Complaint, the undersigned is constrained to agree.

Plaintiff alleges in his First Amended Complaint that at the time of the incidents in

---

[3]Although the Defendants in their motion seek dismissal of this case, in toto, Defendants present no arguments in their brief to establish why Plaintiff's state law claims against the Defendant North Charleston should be dismissed. Therefore, this Report and Recommendation does not address those claims.



question, the Defendant Constables were employed by the City of North Charleston, which "assume[d] liability for the supervision, actions, and damages of those State Constables when they are performing duties assigned by the City of North Charleston". It is also undisputed from a plain reading of the allegations of the Complaint that at all times relevant to Plaintiff's claims, he was appearing in North Charleston Municipal Court before a North Charleston Municipal Judge. Plaintiff alleges that the adverse treatment he received was "caused by the Defendants' unconstitutional custom and practice of ordering every person attending the City's Municipal Court to remove his or her headgear, religious or not . . . . without allowing any accommodation for the wearing of . . . religious headdress". See First Amended Complaint, ¶ 69. Plaintiff further alleges that the "North Charleston Municipal Court staff, and particularly the Judge, Clerk, and Court Constables" (all employees of North Charleston) were given notice about Plaintiff's religious practices and his prior complaints of religious discrimination, but that he was denied his religious rights pursuant to "a City of North Charleston custom, practice, or official policy of requiring everyone attending court to remove his or her headgear, with no accommodation for religious headdresses". Plaintiff further alleges that the City of North Charleston and North Charleston officials were or should have been aware of this unlawful practice, which was "ratified by the City of North Charleston or which the City of North Charleston failed to address even after receiving notice thereof". See First Amended Complaint, at ¶ ¶ 116-118, 122-123, 125, 128, 140. In his Fifth Cause of Action, in addition to asserting state claims, Plaintiff alleges that the City of North Charleston's "unlawful and unconstitutional policies" violated his constitutional right to the free exercise of religion under the First Amendment, while in his Sixth Cause of Action Plaintiff further alleges violations of his Fifth and Sixth Amendment rights pursuant to these unlawful customs or practices.



The Defendant City of North Charleston's motion to dismiss Plaintiff's federal claims can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Iqbal, 129 S.Ct. at 1949. That is all that is required for purposes of stating a claim. See Austen v. Catterton Partners V, LP, 709 F.Supp.2d 168, 177 (D.Conn. 2010)[Iqbal's plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely"], citing Twombly, 550 U.S. at 556 (internal quotation marks and citations omitted). Additionally, the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. Cruz, 405 U.S. 319.

Here, Plaintiff has sufficiently alleged a violation of his constitutional rights by the Defendant City of North Charleston because of an unconstitutional policy, procedure or custom of this Defendant to survive Defendants' motion to dismiss. Berkeley v. Common Council of City of Charleston, 63 F.3d 295, 300 (4th Cir. 1995) (quoting Reed v. Village of Shorewood, 704 F.2d 943, 953 (7th Cir. 1983)[holding a "municipality's liability for [the official acts of municipal policy makers] extends to acts for which the policy-making officials . . . might enjoy absolute immunity because the acts were legislative or judicial in character."]); cf. Ed-George v. Burns, No 09-869, 2009 WL 2957796 at * 6 (N.D.N.Y. Sept. 8, 2009) [Discussing certain individual Defendants based on immunity, but not the town]; see Vogt, 318 F.Supp.2d at 144, n. 6 [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different



question, but plaintiffs are entitled to make the attempt"]; Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988); Twombly, 550 U.S. at 555 [A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"].

Therefore, the City of North Charleston's motion to dismiss the federal claims asserted in Plaintiff's Fifth and Sixth Causes of Action should be denied.

### III.

### (State Law Claims against the Defendant Constables)

Defendants' final argument for dismissal is that Plaintiff's state law claims against the Defendant Constables are barred by the South Carolina Tort Claims Act (SCTCA). Plaintiff's Seventh and Eighth Causes of Action assert claims against the three Constables in their individual capacities for intentional infliction of emotional distress and defamation, respectively, while Plaintiff's Ninth Cause of Action asserts a negligence claim against the Defendant City of North Charleston based on the conduct of the Constables.

The South Carolina Tort Claims Act establishes the parameters for tort claims asserted

11



against public officials or the State or local governments in South Carolina. See S.C. Code Ann. § § 15-78-20 and 15-78-30. As governmental employees, the three natural Defendants' actions fall under the scope of the South Carolina Tort Claims Act to the extent they were performing their official duties; see S.C. Code Ann. § § 15-78-30(c) and (i) and § 15-78-200; and under such circumstances, the proper party defendant is the governmental entity itself, in this case the City of North Charleston.[4]

However, the South Carolina Tort Claims Act does not grant an employee immunity from suit if it is proved that his conduct was not within the official scope of his employment, *or* he acts with actual malice, *or* he has an intent to harm. See McCall v. Williams, 52 F.Supp. 2d 611, 615 (D.S.C. 1999)["SCTCA does not grant an employee 'immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.'"](quoting S.C. Code § 15-78-70(b)(Supp. 1997)); Sanders v. Prince, 403 S.E.2d 640, 643 (S.C. 1991)[same]. As part of the allegations of his First Amended Complaint, Plaintiff alleges that the three Constable Defendants threatened him with jail, deliberately humiliated him, cursed at him, placed him in fear of being hit, heckled and laughed at him during the court proceedings, and generally acted recklessly and unlawfully towards him. In his Seventh and Eighth Causes of Action, Plaintiff specifically alleges that these three Defendants "arbitrarily and recklessly abandoned their duties" and acted in a way designed to "embarrass, humiliate, and intimidate" him, and that they did so with the specific "intent

---

[4]As previously discussed, the City of North Charleston has not submitted any arguments for dismissal of the state tort claim asserted against it, or the state statutory claim being asserted under the South Carolina Religious Freedom Act, S.C. Code Ann. § 1-32-10, et seq.

12



to harm" him.

These allegations sufficiently allege conduct outside the scope of these Defendants' official duties and/or that these Defendants acted with an "intent to harm" to fall outside of the "official capacity" restrictions of the South Carolina Tort Claims Act. McCall, 52 F.Supp.2d at 615 [SCTCA does not grant an employee immunity from suit and liability if the employee's conduct constituted actual malice or an intent to harm]; see Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009)[requirement is that Plaintiff's allegations provide sufficient notice to defendants of the plaintiff's claim]; Austen, 709 F.Supp.2d at 172 [Plaintiff only required to provide adequate notice to the defendant of the basis for the lawsuit and to make a claim plausible]. Therefore, the Defendant Constables are not entitled to dismissal of Plaintiff's Seventh and Eighth Causes of Action on the ground asserted. Francis, et al, v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)[Plausibility standard met where the Plaintiff "articulate[s] facts , when accepted as true," that state a plausibility of entitlement to relief]; Twombly, 550 U.S. at 555 [A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; Slade, 407 F.3d at 248 ["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"]; see also Wolman v. Tose, 467 F.2d 29, 33, n. 5 (4th Cir. 1972)["Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the Court to infer that all of the required elements of the cause of action are present."].

Finally, to the extent the three Constable Defendants are named in Plaintiff's Ninth



Cause of Action, that claim is asserted against these Defendants in their official capacity, and therefore that claim is deemed to be asserted against the Defendant City of North Charleston under the South Carolina Tort Claims Act. Kinard v. Greenville Police Dep't, No. 10-3246, 2011 WL 3439292 at * 6 (D.S.C. Aug. 5, 2011) ["Governmental entities generally operate through their employees. Therefore, when an entity is sued because of the alleged tort of an employee acting within the scope of his or her employment, the Tort Claims Act provides that only the agency shall be named as a party."]; S.C. Code Ann. § 15-78-70(c).

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion to dismiss Plaintiff's First, Second, Third and Fourth Causes of Action be **granted**, and that those Causes of Action be dismissed, with prejudice. Defendants' motion to dismiss should otherwise be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 9, 2012
Charleston, South Carolina

14



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

